UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CR No. 07-023-N-EJL |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III. | ) | ORDER |
| | ) | |
| Defendant. | ) | |

Before the Court in the above entitled matter are motions to seal filed by the Government. (Dkt. Nos. 519, 522, 528). The motions ask leave to file certain documents under seal including the proposed jury instructions, exhibit list, and stipulation as to exhibits. Because the documents contain some detail of the evidence that may be introduced in this case, the Government asserts the documents should be sealed to avoid tainting or prejudicing the potential jurors from any media reports. The Government's motions cite to United States v. McVeigh, 918 F.Supp. 1452, 1467 (W.D. Okla. 1996), Doe v. Delie, 257 F.3d 309, 315 (3rd Cir. 2001), and Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 378-79 (1979).

**Discussion**

The motion to seal the exhibit list asks that it be sealed only until the jury is seated and sworn. The Court agrees that cause has been shown to warrant sealing the Government's exhibit list (Dkt. No. 523) until the jury has been selected and sworn in this

case. Given the publicity and attention in this case and the fact that these proceedings are in the midst of jury selection, the Court finds the interest in preserving an unbiased jury pool is compelling and necessitates sealing of the Government's exhibit list at this time. Once the jury is seated and sworn, the exhibit list can be unsealed and made public. Though the Court has made repeated efforts at admonishing the pool of potential jurors to avoid publicity over this case, the nature of this case demands that the Court take measures to ensure a fair trial. At this time, there are no less restrictive alternatives available to the sealing of this document to avoid the release of potential evidence.

The other two motions to seal, relating to the proposed jury instructions and stipulation as to exhibits, appear to ask that the documents be filed under seal indefinitely. (Dkt. Nos. 519, 528). As to these motions, the Court directs counsel for the Government to submit further briefing as to why the stipulation as to exhibits can not be unsealed after the jury is sworn, similar to the exhibit list, and why the proposed jury instructions should be sealed.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Government's Motion to Seal Proposed Jury Instructions (Dkt. No. 519) is **UNDER ADVISEMENT**. The Government shall submit briefing on the issue as directed in this Order on or before Friday, August 8, 2008 at 4:00 p.m. (MST).

2) Government's Motion to Seal Exhibit List (Dkt. No. 522) is **GRANTED**. The Exhibit List (Dkt. No. 523) shall be filed **UNDER SEAL** until the jury is seated and sworn. Thereafter, the Exhibit List shall be **UNSEALED**.

3) Government's Motion to Seal Stipulation as to Exhibits (Dkt. No. 528) is **UNDER ADVISEMENT**. The Government shall submit briefing on the issue as directed in this Order on or before Friday, August 8, 2008 at 4:00 p.m. (MST).

The Clerk of the Court is directed to file this Order in the normal course and to serve the same upon all parties.

DATED: **August 7, 2008**

Honorable Edward J. Lodge
U. S. District Judge